**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER FRANCISCO CASTILLO CASTILLO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-71665 <br><br> Agency No. A095-734-805 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***       The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Francisco Javier Castillo Castillo petitions for review of a Board of Immigration Appeals (BIA) decision affirming an Immigration Judge's (IJ) order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where . . . the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We consider only the grounds relied upon by the BIA in reaching its decision. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review factual determinations for substantial evidence, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and legal questions, including questions of our own jurisdiction, de novo. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). We deny the petition in part and dismiss the petition in part.

1. The IJ did not abuse his discretion in finding Castillo mentally competent in his removal proceedings and in not imposing additional procedural safeguards. Here, the IJ complied with the process prescribed for determining competency by questioning Castillo about his competence. *See Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011). And despite finding Castillo competent, the IJ also found that Castillo's representation by counsel was a sufficient procedural safeguard. *See Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018).

2.      We decline to consider Castillo's claim that the IJ erred in finding that his entry to the United States did not establish his eligibility for adjustment of status under *Matter of Quilantan*, 25 I. & N. Dec. 285 (BIA 2010), because Castillo has never sought adjustment of status and conceded his ineligibility.

3.      We lack jurisdiction over Castillo's cancellation of removal claim. The BIA affirmed only the IJ's discretionary determination that Castillo had not demonstrated exceptional and extremely unusual hardship to his U.S. citizen sons, and we lack jurisdiction over such discretionary denials of relief.  8 U.S.C. §§ 1252(a)(2)(B)(i), 1229b(b)(1).  Nor does Castillo claim that the IJ committed a legal error that would permit review.  *Cf. Figueroa v. Mukasey*, 543 F.3d 487, 494–96 (9th Cir. 2008), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009).

4.      Substantial evidence supports the BIA's finding that Castillo failed to establish a nexus for his asylum and withholding of removal claims because he feared only generalized gang violence.[1]  Asylum and withholding of removal require a nexus between the particular social group and past or future persecution. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A); *Barajas-Romero v.*

---

[1] Because the BIA assumed that Castillo established that an exception applied for the one year filing deadline for his asylum claim, we do not consider the timeliness of Castillo's application.  *See Santiago-Rodriguez*, 657 F.3d at 829.

3

*Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). Castillo testified that he feared harm at the hands of a Mexican cartel due to his "family" relationship to his grandmother and uncle, who had been targeted by the cartel in three incidents. Castillo testified that the cartel was motivated by its desire to take over his family's land and force his uncle to work for them, and that they were targeted because his uncle owned a business and his grandmother owned land. However, fear of harassment by gangs or criminals alone bears no nexus to a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (finding random criminal acts bear no nexus to a protected ground). Substantial evidence supports the agency's determination that the cartel was motivated by its own criminal purposes, not by animus for the family.

5.      Substantial evidence supports the BIA's determination that Castillo failed to establish government acquiescence entitling him to protection under the Convention Against Torture (CAT). An alien is eligible for CAT protection where he "establish[es] that it is more likely than not that he . . . would be tortured" "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity" if removed. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). In support of his claim, Castillo points only to a 2016 Department of State country conditions report

4

describing government corruption and organized criminal activity, but he does not offer evidence of a particularized threat. Although "country conditions alone can play a decisive role" in granting CAT relief, *Nuru v. Gonzales*, 404 F.3d 1207, 1219 (9th Cir. 2005) (internal quotation and citation omitted), "generalized evidence of violence and crime in Mexico" is not sufficient, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Moreover, "a government does not 'acquiesce' to torture where the government actively, albeit not entirely successfully, combats the illegal activities." *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (internal quotation and citation omitted). Here, a separate report submitted as country conditions evidence shows that the Mexican government has taken steps to combat organized crime.

6. We lack jurisdiction to consider Castillo's application for a waiver of inadmissibility (U Visa) under 8 U.S.C. §§ 1182(d)(3)(A)(ii). *Man v. Barr*, 940 F.3d 1354, 1357–58 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 893 (2020).

**PETITION DENIED IN PART AND DISMISSED IN PART.**

5